Corresponds to AO 241 Case 2:19-cv-01496-AA   Document 1   Filed 09/16/19   Page 1 of 20
Petition for a Writ of Habeas Corpus Under 28 U.S.C. §
2254 (Rev.6/19)

Page 2 of 10

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

| United States District Court | District of Oregon |
|---|---|
| Name (under which you were convicted): NICHOLAS SHATLAW | Docket or Case No.: 2:19-cv-01496-AA |
| Place of Confinement: EASTERN OREGON CORRECTIONAL INSTITUTION | Prisoner (SID) No.: 18164094 |
| Petitioner (include the name under which you were convicted) NICHOLAS SHATLAW | Respondent (authorized person having custody of petitioner) SUSAN WASHBURN |
| v. | |
| The Attorney General of the State: ELLEN ROSENBLUM | |

### CONVICTION UNDER ATTACK

1. Name and location of court that entered the judgment of conviction you are challenging:
   MARION COUNTY CIRCUIT COURT

2. Criminal docket or case number (if known): 12C48212

3. (a) Date of judgment of conviction (if known): 3-6-13
   (b) Date of sentence: 3-6-13

4. Length of sentence: 2,624 MONTHS

5. Identify all crimes for which you were convicted and sentenced in this case:
   FOUR COUNTS OF RAPE IN THE FIRST DEGREE ORS 163.375, SIX COUNTS OF SODOMY IN THE FIRST DEGREE ORS 163.405, AND TWO COUNTS OF TAMPERING WITH A WITNESS, ORS 162.285.

6. What was your plea? (Check one)

   ☐ Not Guilty                ☒ Guilty
   ☐ Nolo Contendere (No Contest)   ☐ Insanity Plea

   If you entered a guilty plea(s), list what crimes you pleaded guilty to, and what crimes you did not plead guilty to:
   I PLEAD GUILTY TO ALL CRIMES

7. If you pleaded not guilty, what kind of trial did you have? (Check one)

   ☐ Jury    N/A        ☐ Judge Only

8. Did you testify at trial?

   ☐ Yes    N/A        ☐ No

# 85583

Corresponds to AO 241 Case 2:19-cv-01496-AA   Document 1   Filed 09/16/19   Page 2 of 20
Petition for a Writ of Habeas Corpus Under 28 U.S.C. §
2254 (Rev.6/19)

Page 3 of 10

## EXHAUSTION OF STATE REMEDIES

### *DIRECT APPEAL*

9. Did you directly appeal from the judgment of conviction?

   ☒ Yes          ☐ No

   a. Name of court: OREGON COURT OF APPEALS
   b. Docket or case number (if known): 12C48212 / APP A153957
   c. Result: SUMMARY AFFIRMANCE, MOTION GRANTED
   d. Date of result and citation (if known): MAY 6, 2014
   e. Grounds raised:
      - ARTICLE I, SECTION 16.
      - EIGHTH AMENDMENT VIOLATION.

10. Did you seek further review of the decision on appeal by a higher state court?

    ☒ Yes          ☐ No

    a. Name of court: OREGON SUPREME COURT
    b. Docket or case number (if known): CA A153957 / NO A41617
    c. Result: PETITION FOR REVIEW DENIED
    d. Date of result and citation (if known): ~~to~~ OCTOBER 23, 2014
    e. Grounds raised:
       - ARTICLE I, SECTION 16
       - US CONSTITUTION AMENDMENT 8
       - US CONSTITUTION, AMENDMENT 14
       - ORS 163.427

11. Did you file a petition for certiorari in the United States Supreme Court?

    ☒ Yes          ☐ No

Corresponds to AO 241 Case 2:19-cv-01496-AA    Document 1    Filed 09/16/19    Page 3 of 20
Petition for a Writ of Habeas Corpus Under 28 U.S.C. §
2254 (Rev.6/19)

Page 4 of 10

    a. Docket or case number (if known): NO. 14-8657

    b. Result: PETITION DENIED

    c. Date of result and citation (if known): APRIL 20, 2014

    d. Grounds raised:
EIGTH AMENDMENT

12. If you did not directly appeal from the judgment of conviction, explain briefly why you did not:

N/A

### POST-CONVICTION RELIEF

13. Did you file a petition for state post-conviction relief?

☒ Yes      ☐ No

    a. Name of court: MALHEUR CIRCUIT COURT OF OREGON

    b. Docket or case number (if known): 15CV1247 / A165128
DATE OF FILING: MAY, 27, 2015

    c. Nature of proceeding: POST-CONVICTION RELIEF

    d. Did you receive an evidentiary hearing?

☐ Yes      ☒ No

    e. Result: DENIED AND DISMISSED

    f. Date of result and citation or case number (if known): JUNE 7, 2017

    g. Grounds raised:
- INEFFECTIVE ASSISTANCE OF COUNSEL (IAC):
  INVOLUNTARY GUILTY PLEA
- IAC: UNCOUNSELED GUILTY PLEA
- IAC: UNCOUNSELED GUILTY PLEA

14. Did you appeal the result of your state post-conviction case?

☒ Yes      ☐ No

Corresponds to AO 241 Case 2:19-cv-01496-AA   Document 1   Filed 09/16/19   Page 4 of 20
Petition for a Writ of Habeas Corpus Under 28 U.S.C. §
2254 (Rev.6/19)                                    Page 5 of 10

COURT OF APPEALS

a. Name of court: THE ~~SUPREME COURT~~ OF THE STATE OF OREGON
   DATE OF FILING: JUNE 12, 2017
b. Docket or case number (if known): CA A165128

c. Result: AFFIRMED WITHOUT OPINION

d. Date of result and citation (if known): SEPTEMBER 6, 2018

e. Grounds raised:
   - IAC: INVOLUNTARY GUILTY PLEA
   - IAC: UNCOUNSELED GUILTY PLEA
   - IAC: UNCOUNSELED GUILTY PLEA

15. Did you seek further review of the decision on appeal by a higher state court?

    ☒ Yes            ☐ No

a. Name of court: THE SUPREME COURT OF THE STATE OF OREGON
   DATE OF FILING: OCTOBER 11, 2018
b. Docket or case number (if known): CA A165128

c. Result: AFFIRMED WITHOUT OPINION

d. Date of result and citation (if known): NOVEMBER 27, 2018

e. Grounds raised:
   - IAC: INVOLUNTARY GUILTY PLEA
   - IAC: UNCOUNSELED GUILTY PLEA
   - IAC: UNCOUNSELED GUILTY PLEA

16. If you did not appeal from the adverse decision in your state post-conviction case, explain briefly why you did not:
    N/A

## GROUNDS FOR RELIEF

17. For this petition, state *concisely* every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **CAUTION: In order to proceed in the federal court, normally you must exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

    For your information, the following is a list (a-j) of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise grounds other than those listed.

Corresponds to AO 241 Case 2:19-cv-01496-AA   Document 1   Filed 09/16/19   Page 5 of 20
Petition for a Writ of Habeas Corpus Under 28 U.S.C. §
2254 (Rev.6/19)

Page 6 of 10

    a.    Conviction obtained by plea of guilty that was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
    b.    Conviction obtained by use of coerced confession.
    c.    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
    d.    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
    e.    Conviction obtained by a violation of the privilege against self-incrimination.
    f.    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
    g.    Conviction obtained by a violation of the protection against double jeopardy.
    h.    Conviction obtained by action of a grand or petit jury that was unconstitutionally selected and impaneled.
    i.    Denial of effective assistance of counsel at trial or on appeal.
    j.    Denial of right of appeal.

**A.**    **Ground One:**
ARTICLE I, SECTION 16 OF THE OREGON CONSTITUTION

**Supporting FACTS (state *briefly* without citing cases or law):**
SEE (APPENDIX A)

**B.**    **Ground Two:**
A 2630 MONTH SENTENCE FOR SEXUALLY ABUSING TWO CHILDREN IS DISPROPORTIONATE.

**Supporting FACTS (state *briefly* without citing cases or law):**
SEE (APPENDIX B)

Corresponds to AO 241 Case 2:19-cv-01496-AA   Document 1   Filed 09/16/19   Page 6 of 20
Petition for a Writ of Habeas Corpus Under 28 U.S.C. §
2254 (Rev.6/19)

Page 7 of 10

C.  **Ground Three:**
    EIGTH AMENDMENT OF UNITED STATES CONSTITUTION

    **Supporting FACTS (state *briefly* without citing cases or law):**
    SEE (APPENDIX C)

D.  **Ground Four:**
    INNEFFECTIVE ASSISTANCE OF COUNSEL - INVOLUNTARY
    GUILTY PLEA.

    **Supporting FACTS (state *briefly* without citing cases or law):**
    SEE (APPENDIX D)

E.  IAC - UNCOUNSELED GUILTY PLEA
    SEE (APPENDIX E)

F.  IAC - UNCOUNSELED GUILTY PLEA
    SEE (APPENDIX F)

## OTHER INFORMATION

18. Please answer these additional questions about the petition you are filing:

    a.  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

        ☒ Yes            ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:
        N/A

b. Is there any ground in this petition that has not been presented in some state or federal court? If so, indicate which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

19. Do you have any petition or appeal now pending (filed and not decided yet) in any court, state or federal, for the judgment you are challenging here?

☐ Yes        ☒ No

If the answer is "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:

N/A

20. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

a. At preliminary hearing:
DANA C. HEINZELMAN, 189 LIBERTY ST. NE, SUITE 201A, SALEM OREGON 97301

b. At arraignment and plea:
DANA C. HEINZELMAN

c. At trial:
N/A

d. At sentencing:
DANA C. HEINZELMAN

e. On appeal:
MEREDITH ALLEN, 1175 COURT ST. NE, SALEM, OR 97301

f. In any post-conviction proceeding:
TIMOTHY R. PARK, 236 SW HILL ST, DALLAS, OREGON 97338

Corresponds to AO 240 Case 2:19-cv-01496-AA   Document 1   Filed 09/16/19   Page 8 of 20
Petition for a Writ of Habeas Corpus Under 28 U.S.C. §
2254 (Rev.6/19)                                                                              Page 9 of 10

g. On appeal from any adverse ruling in a post-conviction proceeding:
JASON WEBER 1500 SW FIRST AVENUE, SUITE 1090, PORTLAND, OREGON, 97201

21. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?
☐ Yes   ☒ No

a. If yes, in what court was the prior action filed? N/A

b. What was the prior case number? N/A

c. Was the prior action:   ☐ Decided on the merits, or
   ☐ Dismissed on procedural grounds

d. Date of decision: N/A

e. Are there any issues in this petition raised in the prior petition?
☐ Yes   N/A   ☒ No

f. If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this successive petition?
☐ Yes*   N/A   ☐ No

*If the answer is "Yes," you *must* attach a copy of the order received from the Ninth Circuit Court of Appeals.   N/A

22. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes   ☒ No

a. If so, give the name and location of the court that imposed the sentence to be served in the future:
N/A

b. Give the date and length of sentence to be served in the future:
N/A

c. Have you filed, or do you contemplate filing, any petition attacking the judgment that imposed the sentence to be served in the future?
☐ Yes   N/A   ☐ No

Corresponds to AO 241 Case 2:19-cv-01496-AA    Document 1    Filed 09/16/19    Page 9 of 20
Petition for a Writ of Habeas Corpus Under 28 U.S.C. §
2254 (Rev.6/19)                                                                                          Page 10 of 10

23. **TIMELINESS OF PETITION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition:

N/A

24. Date you are mailing (or handing to correctional officer for mailing) this petition to the Court:*

9-10-19

**WHEREFORE,** petitioner prays that the Court will grant such relief to which he or she may be entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

_____
Signature of Attorney (if any)

### DECLARATION UNDER PENALTY OF PERJURY

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

8-13-19
Date

_____
Signature of Petitioner

---

* As noted in the instructions to this form (at #8), if you are incarcerated at Snake River Correctional Institution, you must comply with the requirements of the E-Filing Program posted at the institution and set forth in Standing Order 2019-7. Accordingly, you must submit your filings in this case to Snake River Correctional Institution staff for scanning and electronic submission, instead of mailing the filings using the U.S. Postal Service. Please indicate the date you submitted this petition to Snake River Correctional Institution staff for scanning and electronic submission, if you are incarcerated there.

EXHIBIT #3

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MALHEUR

| | |
|---|---|
| NICHOLAS SHATLAW,<br><br>    Petitioner,<br><br>v.<br><br>MARC NOOTH, Superintendent,<br>Snake River Correctional Institution,<br>    Defendant. | Case No. 15CV1247<br><br>**FIRST DELCARATION OF<br>NICHOLAS SHATLAW** |

I, Nicholas Shatlaw, do declare as follows:

1. I am the petitioner in the above caption action for Post-Conviction Relief.

2. At the trial level, I was represented by attorney Dana Heinzelman, OSB #051695.

3. I became concerned about her loyalty to me and her performance as she had not done anything I had asked her to do in order to prepare a defense. I became so concerned that I asked her to withdraw so that I could proceed on my own if necessary. She refused and laughed at me. She told me that I needed her and tried to get me to plead guilty. She told me that the DA wanted to have my wife arrested and our kids taken away from my wife because the DA felt that my wife was "brainwashed and an unfit mother." Ms. Heinzelman also told me that my actual innocence did not matter at trial. She said all that needed to happen was that a woman or child get on the stand and cry and the jury would believe that I was guilty. She told me that if I made the children go through trial, the judge would give me 25 years for each child and depart up to 100 years in prison. After that, I felt psychologically defeated. I felt that I needed to do anything to protect

Page 1 – **FIRST DELCARATION OF NICHOLAS SHATLAW**



my wife and kids. I was told that the DA said the only way for me to get less than the maximum sentence was to plead guilty and ask for leniency. So, I wrote letters to the judge and DA in which I accepted responsibility for the crimes. I did that in order to appear cooperative, sincere and repentant. I felt like Ms. Heinzelman was not interested in helping me and that I was in a no win situation. I later learned that Ms. Heinzelman told my now ex-wife that, "If I were THE mother, I would want to cut of his dick. He's cute, but you need to find another MAN."

4. When I asked her about the possibility of a maximum sentence (in excess of 200 years), she told me that the DA could ask for anything she wants. Ms. Heinzelman told me that she would ask for the minimum or something reasonable. She told me that the judge would either agree with her or meet somewhere in the middle. During that conversation she did not give a specific amount of time she would ask for, she had told me repeatedly that she thought that around 33 years would be the minimum she could reasonably ask for as a sentence.

5. If I had known that I would be sentenced to 219 years in prison, I would not have pled guilty to the charges. If I had not been aware of the threat to my wife and children, I would not have pled guilty to the charges. I felt lied to by my attorney and coerced by the DA and the false information about the sentence I could receive.

6. The reason I denied being threatened or coerced into the plea at my plea hearing is because I did not want to risk that my wife would be arrested and our children being taken away.

7. I hereby declare that the above statements are true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

///

///

///

Page 2 – **FIRST DELCARATION OF NICHOLAS SHATLAW**

Dated this the 28 day of SEPTEMBER, 2016.

_____
Nicholas Shatlaw

Page 3 – **FIRST DELCARATION OF NICHOLAS SHATLAW**

# APPENDIX A

## Ground One

Article I, Section 16, of the Oregon Constitution requires that a criminal defendant's sentence be proportioned to the offense that he committed.

Defendant pleaded guilty to 12 counts related to the sexual abuse of his two step-children. Despite openly pleading guilty to all counts in the indictment, being remorseful, and could have benefited from treatment.

Defendants conduct was clearly within the purview of first-degree sex offenses, but the aggregate sentence for first-degree offenses and other offenses exceeds the human life span and is much longer than sentences imposed for conduct involving force and violence. The legislature has determined that a person must have two previous sex offense convictions to warrant a lifetime sentence; defendant has no prior convictions and one juvenile adjudication from when he was 14 years old. Defendant pleaded guilty to all counts to spare the victims from having to testify at the trial and was deeply remorseful. A psychological evaluator opined the defendant could benefit from treatment such as chemical castration.

Nicholas J Shatlaw SID: 18164094

# APPENDIX B

## Ground Two

A 2,630-month sentence for sexually abusing two children is unconstitutionally disproportionate when the defendant has pleaded guilty to the offenses, was remorseful, and could benefit from treatment.

Defendant spared the victims the difficulty of trial, was apologetic and remorseful, and expressed a desire for mental health treatment. He even agreed to chemical castration, and a psychosexual evaluator opined that such treatment might be effective for defendant. In light of defendants acceptance of responsibility in consideration of the victims and strong desire to ameliorate his compulsion, the sentence is grossly severe when compared to the gravity of the crimes.

Nicholas J Shatlaw SID: 18164094

## APPENDIX C

## Ground Three

Defendant's sentence violates the Eighth Amendment to the United State Constitution.

The defendant had no prior convictions and only one prior juvenile adjudication from the age of 14. Although Legislature has authorized a lifetime prison sentence for a third conviction for a sentence and juvenile adjudications do not qualify. ORS 137.719(1). Legislative policy does not support defendant's sentence. By imposing a sentence that is equivalent to life without the possibility of parole, the trial court was punishing defendant for something he might do in the future, without sufficient evidence to support such a conclusion, despite defendant's willingness to be chemically castrated to ameliorate any concerns of committing any more similar crimes.

The 2,630 month sentence imposed in this case is disproportionate to the charges, as argued previously, defendant accepted responsibility for his conduct and was amenable to treatment; yet, the trial court imposed multiple consecutive sentences comparable to life in prison without the possibility of

Nicholas J Shatlaw SID: 18164094

parole as if the defendant were remorseless and intent on continuing to harm the victims.

Because defendant's sentences adding up to 2,630 months (219 years) were disproportionate to the conduct for which I was convicted, it violates the proportionality requirement of the Eighth Amendment of the United States Constitution.

Nicholas J Shatlaw SID: 18164094

## **APPENDIX D**

## Ground Four

(Ineffective Assistance of Trial Counsel – Involuntary Guilty Pleas)

Defendant's trial attorney told him that the "DA wanted to have [his] wife arrested and [their] kids taken away from [his] wife." (Ex. 3)

Defendant's plea was not freely nor voluntarily made because of the treat relayed by his trial attorney.

A threat by the prosecution whether direct or relayed is a violation of the law. Any competent counsel exercising reasonable professional skill and judgment would not have allowed Defendant to plead guilty under threat. Defendant's wife at the time Christy Shatlaw (Lauman) was relayed this information by the Defendant prior to his pleading guilty and he told her his Trial Counsel told him he would not get more than 25 years for pleading guilty and she should go in to cooperate with the DA to avoid prosecution. She told him the office was closed on the weekend and he instructed her to slip a note under the door. (This information can be corroborated by Ms. Lauman.

Nicholas J Shatlaw SID: 18164094

# APPENDIX E

## Ground Five

(Ineffective Assistance of Trial Counsel – Uncounseled Guilty Pleas)

Prior to entering his guilty pleas, Defendant's counsel told him that if he did not plead guilty that he would get 100 years in prison. (Ex. 3)

Defendant was misled by his counsel about the maximum sentence that would be imposed on him if he plead guilty and the maximum sentence that would be imposed on him for being found guilty at trial. Competent counsel exercising reasonable professional skill and judgment would not have misled Defendant about the maximum or minimum sentences he could receive.

Defendant was prejudiced because he relinquished his rights to trial based upon inaccurate information.

Nicholas J Shatlaw SID: 18164094

# APPENDIX F

## Ground Six

(Ineffective Assistance of Counsel – Uncounseled Guilty Pleas)

Prior to entering his guilty pleas, Defendant's trial counsel misled him about the totality of proof necessary for the state to succeed at trial. --"[Trial Counsel] told me ...told me that my actual innocence did not matter at trial (When I mentioned the dates of several charges coincide with me not yet having moved to the state of Oregon and were thus impossible), and all that needed to happen was that a woman or child get on the stand and cry and the jury would believe that I was guilty." (Ex. 3)

Competent Counsel exercising reasonable professional skill and judgment would have advised Defendant of all the variables inherent in a trial, not just the emotional. Competent Counsel would not have allowed defendant to plead guilty upon inaccurate information.

Trial counsel's errors and omissions as alleged resulted in a substantial violation state and federal constitutional rights, deprived him of his fair and impartial sentencing hearing under the due process clause of the Fourteenth

Nicholas J Shatlaw SID: 18164094

Amendment of the united States Constitution and resulted in a substantial violation of Defendant's rights to effective and adequate assistance of trial counsel as guaranteed by Article 1, section 11 of the Constitution of the United States Constitution.

Nicholas J Shatlaw SID: 18164094