**Thomas J. Hester, OSB #931840**
**Assistant Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, Oregon 97204**
**(503) 326-2123 Telephone**
**(503) 326-5524 Facsimile**
**TJ_Hester@fd.org**

**Attorney for Petitioner**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NICHOLAS SHATLAW,** | Case No. 2:19-cv-01496-AA |
| PETITIONER, | **AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| V. | |
| **SUSAN WASHBURN,** | |
| Respondent. | |

Pursuant to Fed. R. Civ. Pro. 15(a)(1)(B), Petitioner, Nicholas Shatlaw, through appointed counsel, Thomas J. Hester, submits this Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1]

## I.    UNDERLYING STATE CONVICTION

Mr. Shatlaw was convicted, upon pleas of guilty, in Marion County Circuit Court Case No. 12CV48212, of four counts of first degree rape, six counts of first degree sodomy, and two counts

---

[1] In response to an inquiry from undersigned counsel, Respondent's counsel indicated an intent to oppose both Amendment and the accompanying Motion to Stay. Because a responsive pleading to the current pro se Petition has not been filed and this is the first Amended Petition, it is submitted as of right. *See* Fed. R. Civ. Pro. 15(a)(1)(B).

Page 1   AMENDED PETITION FOR WRIT OF HABEAS CORPUS

of tampering with a witness. He was sentence to a total period of incarceration exceeding 219 years (2,630 months). Ex. 101.

## II.     EXHAUSTION OF STATE REMEDIES

Mr. Shatlaw attempted to challenge his case on direct appeal, but Oregon's appellate court's summarily affirmed. Exs. 108-110.

He pursued state post-conviction relief in Malheur County (*Shatlaw v. Cain*, Case No. 15CV1247), claiming that, due to counsel's ineffective representation, his guilty pleas were not voluntary and knowing. *See* Ex. 114. Counsel assigned to represent Mr. Shatlaw on appeal filed briefs in the intermediate appellate and Oregon Supreme Court pursuant to *State v. Balfout*, 311 Or. 434 (1991). Ex. 125; Ex. 127. An appellate judgment, affirming the conviction without opinion, issued on January 2, 2019. Ex. 129

## III.    FEDERAL HABEAS

In the underlying Marion County case, Mr. Shatlaw's rights under the United States Constitution were violated as follows:

### A.     Ground 1 – Eight Amendment Violation (Ground 3 of Pro Se Petition)

The Eighth Amendment precludes the imposition of cruel and unusual punishment.

At the time of the underlying case, Mr. Shatlaw had no prior convictions and only one prior juvenile adjudication, when he was 14. By imposing a sentence that is equivalent to life without the possibility of parole, the trial court punished Mr. Shatlaw for something he might do in the future, without sufficient evidence to support such a conclusion.[2]

---

[2] With the exception of Ground 2, part C, (the added claim based on *Ramos*), the factual descriptions here are taken from the pro se Petition currently before this Court.

Page 2   AMENDED PETITION FOR WRIT OF HABEAS CORPUS

The 2,630-month sentence imposed in this case is disproportionate to the charges, as argued previously, defendant accepted responsibility for his conduct and was amenable to treatment; yet, the trial court imposed multiple consecutive sentences comparable to life in prison without the possibility of parole as if the defendant were remorseless and intent on continuing to harm the victims.

Because Mr. Shatlaw's sentence of 2,630 months (over 219 years) was disproportionate to the conduct for which he was convicted, it violates the proportionality requirement of the Eighth Amendment of the United States Constitution.

### B.     Ground 2 - Ineffective Assistance of Trial Counsel[3]

The Sixth Amendment assures the effective assistance of counsel in a criminal case. In the context of a guilty plea, competent representation requires that a plea be knowing, voluntary, and intelligent.

#### 1.     *Part A – Involuntary Plea*

Mr. Shatlaw's plea was not freely nor voluntarily made because of a threat relayed by his trial attorney.

---

[3] This Petition adds only claims relating to the federal constitutional right to a unanimous verdict announced in the recent Supreme Court decision in *Louisiana v. Ramos*. As such, the facts in the pro se Petition are not being repeated here. However, Exhibit 3, to the pro se Petition filed in this Court (Mr. Shatlaw's three-page declaration), is incorporated here.

A Motion to Stay this case pending the decision *Edwards v. Vannoy*, (in which certiorari was granted to decide if *Ramos* applies retroactively in federal habeas) is being contemporaneously filed with this Amended Petition. To the extent that greater or somewhat different factual specification (beyond the brief recitations here and the referenced segments of the pro se Petition (CR2)) is necessary, this will be done in Mr. Shatlaw's substantive briefing.

A threat by the prosecution whether direct or relayed is a violation of the law. Any competent counsel exercising reasonable professional skill and judgment would not have allowed Mr. Shatlaw to plead guilty because of a threat. Specifically:

> [Counsel] told me that I needed her and tried to get me to plead guilty. She told me that the DA wanted to have my wife arrested and our kids taken away from my wife because the DA felt that my wife was "brainwashed and an unfit mother."

> * * *

> She told me that if I made the children go through trial, the judge would give … to 100 years in prison. After that, I felt psychologically defeated. I felt that I needed to do anything to protect my wife and kids. I was told that the DA said the only way for me to get less than the maximum sentence was to plead guilty and ask for leniency. So, I wrote letters to the judge and DA in which I accepted responsibility for the crimes. I did that in order to appear cooperative, sincere and repentant. I felt like Ms. Heinzelman was not interested in helping me and that I was in a no win situation. I later learned that Ms. Heinzelman told my now ex-wife that, "If I were the mother, I would want to cut off his dick. He's cute, but you need to find another man."

The threat related by counsel, was also communicated to Mr. Shatlaw's wife at the time, Christy Shatlaw (Lauman), by Mr. Shatlaw (this information can be corroborated by Ms. Lauman.).[4]

### 2. Part B – Unknowing and Unintelligent Plea

> Ms. Heinzelman. also told me that my actual innocence did not matter at trial. She said all that needed to happen was that a woman or child get on the stand and cry and the jury would believe that I was guilty.

> * * *

> When I asked her about the possibility of a maximum sentence (in excess of 200 years), she told me that the DA could ask for anything she wants. Ms. Heinzelman told me that she would ask for the minimum or something reasonable. She told me that the judge would either agree with her or meet somewhere in the middle. During that conversation she did not give a specific amount of time she would ask for, she

---

[4] This information is taken from Exhibit 3 (Declaration) attached to the pro se Petition in the Court's file.

Page 4   AMENDED PETITION FOR WRIT OF HABEAS CORPUS

>had told me repeatedly that she thought that around 33 years would be the minimum she could reasonably ask for as a sentence.

Shatlaw Declaration (Ex. 3 to Pro Se 2254 Petition)

Based on counsel's advice about the effect of a sympathetic prosecution's witness crying and the potential for conviction by a less than unanimous jury, he concluded he would be convicted. Had counsel properly advised Mr. Shatlaw regarding the burden of proof and that the Sixth Amendment required a unanimous jury verdict, he would not have pleaded guilty.

The unanimity subpart of this claim was not presented to Oregon's courts in the initial post-conviction case. Mr. Shatlaw is currently in the process of filing a successive post-conviction case on order to present this previously unavailable claim and exhaust his state remedies.

### 3. *Part C – Unconstitutional Sentence*

As alleged *supra*, Mr. Shatlaw's sentence, which spans multiple lifetimes, violates the Eighth Amendment. Counsel was ineffective in failing to adequately object to the sentence imposed under the Eighth Amendment (this claim corresponds with grounds 5 and 6, also denominated as "e" and "f," of the pro se petition currently before this Court.).

## IV. IDENTIFICATION OF MR. SHATLAW'S PRIOR ATTORNEYS

### A. The Underlying Trial and Sentencing

Dana C. Heinzelman

### B. Direct Appeal

Merideth Allen

### C. Post-Conviction Trial

Timothy R. Park

### D. Post-Conviction Appeal

Jason Weber

## V. MOTION TO STAY

Contemporaneous to the filing of this Amended Petition, Mr. Shatlaw is also filing a Motion to Stay this case, which the Respondent's counsel indicates is opposed. The Stay is predicated upon Mr. Shatlaw's efforts to give the State the first opportunity to remedy the non-unanimous verdict issue and, independently, to await the Supreme Court determination whether *Ramos* applies retroactively in federal habeas proceedings.

## VI. PRAYER FOR RELIEF

Based on each of the constitutional violations enumerated here, the writ should issue and the case be dismissed if the State does not provide Mr. Shatlaw with a new trial within a reasonable period of time.

Respectfully submitted on October 7, 2020.

       */s/ Thomas J. Hester*
       Thomas J. Hester
       Attorney for Petitioner