ELLEN F. ROSENBLUM
Attorney General
KRISTEN E. BOYD  #002102
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  kristen.e.boyd@doj.state.or.us

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NICHOLAS SHATLAW,<br><br>    Petitioner,<br><br>    v.<br><br>SUSAN WASHBURN,<br><br>    Respondent. | Case No.  2:19-cv-01496-AA<br><br>RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS |

## I.  INTRODUCTION

Petitioner brings this federal habeas corpus proceeding under 28 U.S.C. § 2254, challenging his convictions following a guilty plea to six counts of Sodomy in the First Degree, four counts of Rape in the First Degree, and two counts of Tampering with a Witness. (Exhibit (Ex.) 101; Ex. 103). Petitioner presents six grounds for relief in his Petition for Writ of Habeas Corpus (Petition). (Docket No. 8-2).   As will be outlined below, the Court should deny relief on petitioner's claims.

First, this Court should deny relief on petitioner's Grounds One through Two, and Four through Six, as those federal claims were not fairly presented to the state appellate courts.

Page 1 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
    KEB/kk4/10468072-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

Second, to the extent petitioner fairly presented Ground Three to the state courts, relief should be denied as the state court decisions denying relief on that claim is neither contrary to, nor an objectively unreasonable application of federal law. Finally, petitioner's claims should be denied as they fail on the merits.

## II.   BACKGROUND

### A.   Trial court

Petitioner was charged by an indictment on November 15, 2012 in *State of Oregon v. Nicolas James Shatlaw*; Marion County Circuit Court Case No. 12CR48212 with six counts of Sodomy in the First Degree, four counts of Rape in the First Degree, and two counts of Tampering with a Witness. (Ex. 102 at 1). The indicted crimes arose from petitioner's actions toward his step-children, as described during petitioner's plea hearing:

On November 9, 2012, K (age 9) and J (age 13) returned home from school. (Ex. 104 at 12). J picked-up K at his elementary school because J did not want to be alone with petitioner. (*Id.*) When they arrived home, petitioner took J into her bedroom and began to rape her. (*Id.*) K prayed that someone would come and save them and when he opened his eyes, he saw a cell phone and called 9-1-1. (*Id.* at 12-13). The trial court heard the 9-1-1 call in open court, in which K told the 9-1-1 operator that petitioner was abusing his sister right now and that "[h]e's doing this thing where you put your front – his front part inside your back part" and that "he did it to me and my sister." (Ex. 104 at 16). The 9-1-1 operator stayed on the phone with K until the police arrived, forcing entry into the home. (Ex. 104 at 20).

J and K both told the officers what petitioner had done to them, with J describing petitioner having sexual intercourse with her for 2 ½ years, as well as anal sodomy and oral sodomy. (Ex. 104 at 22). J described petitioner giving her a choice between vaginal rape and anal rape and J would choose vaginal. (Ex. 121 at 67). Petitioner would threaten to kill her if she told anyone. (Ex. 121 at 68). Petitioner also would hit her when he was raping or sodomizing her if

Page 2 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
         KEB/kk4/10468072-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

she made a noise. (Ex. 104 at 23). J said sometimes she did make a noise because the sexual abuse hurt. (*Id.*)

K was also interviewed and reported that when petitioner anally sodomized him, it would hurt quite a bit, for at least four hours. (*Id.*) K was also forced to orally sodomize petitioner. (*Id.*) And, like his sister, K described petitioner threatening something bad would happen to him if he ever told anybody about the abuse. (*Id.*) Petitioner was indicted on the above-described charges.

When petitioner was first in custody on these charges though, he initially told his wife – the children's mom – that she should encourage the kids to think about what they were saying, because it was really Satan telling them to say these things, in an attempt to manipulate their testimony. (Ex. 104 at 28). Ultimately though, petitioner sent letters to the court, the district attorney, and his attorney confessing. (Ex. 104 at 29) Petitioner also confessed the crimes to his wife. (Ex. 121 at 15-23)

Petitioner and his attorney engaged in discussions about his case and petitioner ultimately elected to plead guilty. (Ex. 120) Petitioner entered a guilty plea to each count with open sentencing. (Ex. 103; Ex. 104) Prior to doing so, petitioner affirmed for the court that since the last court date, he'd had a "wonderful" experience with his attorney, that she was working hard, researched hard, and that he appreciated the work that she accomplished. (Ex. 104 at 4-5). The prosecution recommended consecutive sentences. (Ex. 104 at 33-41). Petitioner requested that he be sentenced to a single 300-month sentence. (Ex. 104 at 49). The court largely adopted the state's sentencing recommendation. (Ex. 104 at 53-58).

### B.  Direct Appeal

Following his conviction and sentence, petitioner sought direct appeal. Petitioner alleged a single assignment of error, as follows:

> ASSIGNMENT OF ERROR: The trial court erred when it imposed 2,630 months in prison for two counts of first-degree rape, six counts of first degree sodomy, two counts of second degree rape, and one count of tampering with a witness.[1]
> (Ex. 105 at 2).

---

[1] The Appellant's Brief misidentifies certain indicted charges.

Page 3 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
          KEB/kk4/10468072-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

Respondent filed a Motion for Summary Affirmance, asserting that petitioner's argument – that his aggregate sentence, as opposed to his individual sentence is unconstitutionally disproportionate under the Oregon and U.S. Constitution – was a claim that is not proper and was contrary to existing law. (Ex. 106 at 2). The Court of Appeals issued an Order of Summary Affirmance in favor of respondent, finding petitioner's appellant's brief did not present a substantial question of law. (Ex. 108). Petitioner filed a Petition for Review with the Oregon Supreme Court, which was denied. (Ex. 109; Ex. 110; Ex. 111).

### C. Post-Conviction

Petitioner next filed for post-conviction relief. (Ex. 113; 114). After an evidentiary hearing, the post-conviction trial court denied relief. (Ex. 123; Ex. 124). Petitioner filed for post-conviction appeal. Petitioner's appellate attorney, however, after thoroughly reviewing the record and discussing the case with trial counsel and petitioner, did not identify any "arguably meritorious issues [to raise] on appeal." (Ex. 125 at 10). Accordingly, he filed a brief in accordance with *State v. Balfour*, 311 Or 434, 814 P.2d 1069 (1991) and Oregon Rule of Appellate Procedure (ORAP) 5.90. (*Id.*). Petitioner was then provided the opportunity to submit a section B argument outlining and identifying any claim of error for inclusion in his brief. (*Id.*) Petitioner did not avail himself of that opportunity. (*Id.*) Respondent's counsel provided a letter to the Court of Appeals and petitioner's appellate counsel indicating that respondent would waive appearance unless the court wished respondent to brief any issue. (Ex. 126) The Court of Appeals affirmed without opinion. (Ex. 128) Petitioner sought review before the Oregon Supreme Court, which was denied. (Ex. 127)

### D. Federal Habeas

Petitioner now presents the following claims for this Court's review.

**Ground One**: ARTICLE I, SECTION 16 OF THE OREGON CONSTITUTION
**APPENDIX A**
**Ground One**
Article I, Section 16, of the Oregon Constitution requires that a criminal defendant's sentence be proportioned to the offense that he committed.

Page 4 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
          KEB/kk4/10468072-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

Defendant pleaded guilty to 12 counts related to the sexual abuse of his two step-children.  Despite openly pleading guilty to all counts in the indictment, being remorseful, and could have benefited from treatment.

Defendants conduct was clearly within the purview of first-degree sex offenses, but the aggregate sentence for first-degree offenses and other offenses exceeds the human life span and is much longer than sentences imposed for conduct involving force and violence. The legislature has determined that a person must have two previous sex offense convictions to warrant a lifetime sentence; defendant has no prior convictions and one juvenile adjudication from when he was 14 years old. Defendant pleaded guilty to all counts to spare the victims from having to testify at the trial and was deeply remorseful. A psychological evaluator opined the defendant could benefit from treatment such as chemical castration.

**Ground Two**:  A 2630 MONTH SENTENCE FOR SEXUALLY ABUSING TWO CHILDREN IS DISPROPORTIONATE

**APPENDIX B**
**Ground Two**

A 2,630-month sentence for sexually abusing two children is unconstitutionally disproportionate when the defendant has pleaded guilty to the offenses, was remorseful, and could benefit from treatment.

Defendant spared the victims the difficulty of trial, was apologetic and remorseful, and expressed a desire for mental health treatment. He even agreed to chemical castration, and a psychosexual evaluator opined that such treatment might be effective for defendant. In light of defendants acceptance of responsibility in consideration of the victims and strong desire to ameliorate his compulsion, the sentence is grossly severe when compared to the gravity of the crimes.

**Ground Three**:  EIGTH AMENDMENT OF UNITED STATES CONSTITUTION

**APPENDIX C**
**Ground Three**

Defendant's sentence violates the Eighth Amendment to the United State Constitution.

The defendant had no prior convictions and only one prior juvenile adjudication from the age of 14. Although Legislature has authorized a lifetime prison sentence for a third conviction for a sentence and juvenile adjudications do not qualify.  ORS 137.719(1). Legislative policy does not support defendant's sentence. By imposing a sentence that is equivalent to life without the possibility of parole, the trial court was punishing defendant for something he might do in the future, without sufficient evidence to support such a conclusion, despite defendant's willingness to be chemically castrated to ameliorate any concerns of committing any more similar crimes.

The 2,630 month sentence imposed in this case is disproportionate to the charges, as argued previously, defendant accepted responsibility for his conduct and was amenable to treatment; yet, the trial court imposed multiple consecutive sentences comparable to life in prison without the possibility of parole as if the defendant were remorseless and intent on continuing to harm the victims.

Because defendant's sentences adding up to 2,630 months (219 years) were disproportionate to the conduct for which I was convicted, it violates the

Page 5 -    RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
KEB/kk4/10468072-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

proportionality requirement of the Eighth Amendment of the United States Constitution.

**Ground Four**:  INNEFFECTIVE ASSISTANCE OF COUNSEL - INVOLUNTARY GUILTY PLEA.

### APPENDIX D
### Ground Four

(Ineffective Assistance of Trial Counsel - Involuntary Guilty Pleas)

Defendant's trial attorney told him that the "DA wanted to have [his] wife arrested and [their] kids taken away from [his] wife." (Ex. 3)

Defendant's plea was not freely nor voluntarily made because of the treat relayed by his trial attorney.

A threat by the prosecution whether direct or relayed is a violation of the law. Any competent counsel exercising reasonable professional skill and judgment would not have allowed Defendant to plead guilty under threat. Defendant's wife at the time Christy Shatlaw (Lauman) was relayed this information by the Defendant prior to his pleading guilty and he told her his Trial Counsel told him he would not get more than 25 years for pleading guilty and she should go in to cooperate with the DA to avoid prosecution.
She told him the office was closed on the weekend and he instructed her to slip a note under the door. (This information can be corroborated by Ms. Lauman.

**Ground Five**:  IAC - UNCOUNSELED GUILTY PLEA

### APPENDIX E
### Ground Five

(Ineffective Assistance of Trial Counsel - Uncounseled Guilty Pleas)

Prior to entering his guilty pleas, Defendant's counsel told him that if he did not plead guilty that he would get 100 years in prison. (Ex. 3)

Defendant was misled by his counsel about the maximum sentence that would be imposed on him if he plead guilty and the maximum sentence that would be imposed on him for being found guilty at trial. Competent counsel exercising reasonable professional skill and judgment would not have misled Defendant about the maximum or minimum sentences he could receive.

Defendant was prejudiced because he relinquished his rights to trial based upon inaccurate information.

**Ground Six**:  IAC - UNCOUNSELED GUILTY PLEA

### APPENDIX F
### Ground Six

(Ineffective Assistance of Counsel - Uncounseled Guilty Pleas)

Prior to entering his guilty pleas, Defendant's trial counsel misled him about the totality of proof necessary for the state to succeed at trial. -- "[Trial Counsel] told me ...told me that my actual innocence did not matter at trial (When I mentioned the dates of several charges coincide with me not yet having moved to the state of Oregon and were thus impossible), and all that needed to happen was that a woman or child get on the stand and cry and the jury would believe that I was guilty." (Ex. 3)

Competent Counsel exercising reasonable professional skill and judgment would have advised Defendant of all the variables inherent in a trial, not just the

Page 6 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
                KEB/kk4/10468072-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

emotional. Competent Counsel would not have allowed defendant to plead guilty upon inaccurate information.

Trial counsel's errors and omissions as alleged resulted in a substantial violation state and federal constitutional rights, deprived him of his fair and impartial sentencing hearing under the due process clause of the Fourteenth Amendment of the united States Constitution and resulted in a substantial violation of Defendant's rights to effective and adequate assistance of trial counsel as guaranteed by Article 1, section 11 of the Constitution of the United States Constitution.

### III.  ARGUMENT

#### A.  A petitioner's claims are procedurally defaulted unless he fairly presents the federal issue to each appropriate state court.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" To satisfy the exhaustion requirement, the prisoner must "fairly present" his federal-law claims to the state courts, "thereby giving the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (internal quotation marks omitted). Exhaustion is determined on a claim-by-claim basis. *Insyxiengmay v. Morgan*, 403 F.3d 657, 667 (9th Cir. 2005).

To properly exhaust a claim, a petitioner must fairly present it to "each appropriate state court." *Baldwin*, 541 U.S. at 29. That is, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including those courts in which review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Fair presentation requires more than simply presenting the facts surrounding the claim. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982). The petitioner "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). In *Baldwin v. Reese*, 541 U.S. 27 (2004), the Court clarified that:

> ordinarily a state prisoner does not 'fairly present' a claim to a state['s] [highest] court if that court must read beyond a petition or a brief (or a similar document)

Page 7 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
           KEB/kk4/10468072-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

*Baldwin*, 541 U.S. at 32. *See also Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) (holding that "[t]o exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing.").

Moreover, a petitioner must make the federal-law basis of the claim explicit either by citing to federal law or to the decisions of federal courts, even if the federal basis may be "self-evident." *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000) (citing *Anderson*, 459 U.S. at 7); *see also Castillo*, 399 F.3d at 1003 ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). The mere similarity of claims is not sufficient to exhaust. *Duncan*, 513 U.S. at 366 (citing *Picard*, 404 U.S. at 276; *Anderson*, 459 U.S. at 6). A state court has been given a sufficient opportunity to hear an issue "when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

Furthermore, a petitioner must present his federal claims to the state courts in a procedural context in which the claim will be considered on the merits. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."); *Castille v. Peoples*, 489 U.S. 346, 351–52 (1989) (holding that presenting a claim for the first time in a petition for discretionary review is insufficient); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (holding that raising a claim in a procedurally defective manner does not fairly present it); *Turner v. Compoy*, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989) (stating that, where a state "mandate[s] a particular procedure to be used to the exclusion of other avenues of seeking relief," attempting to use a "statutorily deviating path will not exhaust state remedies").

In sum, a federal-law claim is "fairly presented" to the state courts only if it was properly presented (1) to each of the available state courts, (2) as a claim based on federal law, (3) in the

Page 8 -    RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
KEB/kk4/10468072-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

appropriate petition or brief, and (4) in the proper procedural context so that its merits would be considered. If a petitioner failed to "fairly present" his federal-law claims to the state courts and can no longer do so under state law, then the petitioner's state-court remedies are *technically* exhausted. *Coleman*, 501 U.S. at 732; *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). But the claims are then also procedurally defaulted because the state-court remedies were not *properly* exhausted. *O'Sullivan*, 526 U.S. at 848.

B. <u>Application</u>

1. **Petitioner failed to fairly present the majority of his claims.**

In his habeas petition, petitioner presents six grounds for this Court's consideration. Of those six claims, petitioner failed to fairly present all but one of the claims to the state courts. Specifically, petitioner failed to fairly present Grounds One through Two, and Four through Six, to the state courts as federal issues for their consideration.

a. <u>Grounds One through Two and Four through Six</u>.

As noted above, petitioner presented a single claim to the state appellate courts on direct review and failed to fairly present any claim on post-conviction review. (Ex. 105 at 2; Ex. 129). The claims set forth in Grounds One and Two on direct appeal were raised as state law grounds, and consequently, do not present a federal issue that was fairly presented to the state courts. Grounds Four through Seven are claims that could, and should, have been raised to the state appellate courts on post-conviction appeal. As noted above, however, petitioner did not fairly present a claim for the post-conviction appellate court's review.

Accordingly, as petitioner failed to fairly present Grounds One through Two and Four through Six to the state's highest court in a manner in which they could be fairly considered by that court, those claims are unexhausted. Petitioner can longer fairly present those claims to the Oregon Supreme Court, and as such, the claims are procedurally defaulted. Petitioner does not

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

allege an excuse to the default. For that reason, petitioner's Grounds One through Two and Four through Seven should be denied.[2]

      **C.**    **The state court reasonably applied federal law in concluding that petitioner's Ground Three should be denied.**

For the reasons outlined below, the state court decisions denying relief on Ground Three are correct as the courts reasonably applied federal law in reaching the conclusion. Accordingly, under 28 U.S.C. § 2254, as modified by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the state court decisions are entitled to deference here. Petitioner's claim should be denied.

            **1.**    **Deference given to state-court convictions.**

Under AEDPA, habeas corpus relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> "(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> "(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

In addressing the deference requirements of 28 U.S.C. § 2254(d)(1), the Supreme Court found independent meanings to the "contrary to" and "unreasonable application" clauses of AEDPA. *Williams*, 529 U.S. at 404. The "contrary to" clause permits a federal court to grant habeas relief only if the state court "applies a rule that contradicts the governing law set forth in [its] cases," or, if the state court "confronts a set of facts indistinguishable from [one of its decisions] and nevertheless arrives at a result different from [its] precedent." *Id.* at 405-06. The Court also held that, under the "unreasonable application" clause, a federal court could only grant habeas relief if the state court correctly identified a governing principle of the Supreme

---

[2] To the extent petitioner argues or the Court determines any of petitioner's claims are not procedurally defaulted, respondent would request the opportunity to submit supplemental briefing on the merits. Respondent addresses Ground Three on the merits below.

Page 10 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
              KEB/kk4/10468072-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

Court but applied the principle to the facts of the petitioner's case unreasonably. *Id.* at 413. This standard requires "the state court's application of clearly established law must be objectively unreasonable," not merely "incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Review under § 2254(d)(1) is limited "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-1402 (2011).[3]

Under 28 U.S.C. § 2254(d)(2), deference must also be provided to the state court's reasonable factual determinations. "[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004) (citations omitted). Furthermore, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010) (citations omitted). In other words, "even if reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the [state] trial court's determination." *Id.* (quoting *Rice v. Collins*, 546 U.S. 333, 341-42 (2006)) (internal quotation marks omitted). The reasonableness of a state court's factual finding is evaluated in "light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). If the state court's fact-finding process survives this "intrinsic review," the state court's factual findings are presumed correct. *Taylor*, 366 F.3d at 1000; 28 U.S.C. § 2254(e)(1).

In passing AEDPA, Congress intended to alter the habeas corpus field by restricting delays, preventing "retrials" on federal habeas, and giving effect to state convictions to the extent permissible under law. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). To obtain habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal

---

[3] Section 2254(d) does not require the state court to provide any statement of reasons or explanation for denying relief: "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient." *Richter*, 131 S.Ct. at 784.

Page 11 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
             KEB/kk4/10468072-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Thus, AEDPA sets out a "highly deferential standard for evaluating state court rulings," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2003) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)), that "demands state-court decisions be given the benefit of the doubt." *Woodford*, 537 U.S. at 24.

### 2. Application to Ground Three.

In Ground Three, petitioner argues that his "sentence violates the Eighth Amendment to the United States Constitution." (Docket No. 6-1 at 15) Specifically, petitioner argues that the sentence he received of 2,630 months, effectively a life sentence, is disproportionate to the charged conduct and violates the proportionality requirement of the Eighth Amendment.

The Eighth Amendment, which forbids cruel and unusual punishment, "contains a 'narrow proportionality principle' that "applies to noncapital sentences." *Ewing v. California*, 538 U.S. 11, 20 (2003) (upholding 25-year sentence for shoplifting three golf clubs under California's three-strikes law). The Court explained that while the constitutional principle of proportionality between crime and punishment applies in non-capital cases, "the Eighth Amendment does not require strict proportionality. . . . Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id*. Generally, the Eighth Amendment's narrow proportionality principle "gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle – the 'precise contours' of which 'are unclear.'" *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (upholding a 25-year sentence for shoplifting $150 worth of videotapes under California's three-strikes law). In non-capital cases, "successful challenges to the proportionality of particular sentences will be exceedingly rare[.]" *Solem v. Helm*, 463 U.S. 277, 289-90 (1983).

Petitioner here plead guilty and was sentenced on 10 separate counts of Rape in the First Degree and Sodomy in the First Degree and two counts of Tampering with a Witness. The plea

Page 12 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
         KEB/kk4/10468072-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

agreement contemplated open-sentencing with each side free to request a sentence within the permissible range. As noted above, the prosecution requested consecutive sentences. The prosecution outlined for the court petitioner's repeated sexual offenses against two small children "over an extended period of time, over their cries of pain, over his use of violence when [J] made sounds of pain, that he just continued and continued." (Ex. 104 at 24) The prosecution also outlined for the court petitioner's prior sexual offense against a neighbor child years ago and that he was already a registered sex offender. (Ex. 104 at 31-32, 53). The prosecutor indicated that she was not offering that because she was seeking an aggravator, but rather because she was seeking the court to run the presumptive sentences consecutively and because she believed it showed the court how long petitioner has been aware of his sexual offending issues. "[T]he State's position will be that this is really just a long pattern of abuse." (Ex. 104 at 32).

Petitioner in contrast requested the court run his convictions concurrently, arguing that while there were multiple victims and "definitely more than one episode", the court should consider petitioner as a single individual with a mental health problem (antisocial personality disorder). (Ex. 104 at 45). Petitioner also advocated that an expert they consulted suggested petitioner could benefit from treatment, such as chemical castration shots. (*Id.* at 46). Petitioner argued that he was admitting what he did and seeking to take responsibility for his actions. (*Id.*)

The court in sentencing petitioner consecutively for most counts found that petitioner "engaged in violent acts", acts that are "manipulative, devious, and frankly, despicable." (Ex. 104 at 54). In response to petitioner's objection that the largely consecutive sentence was "unconstitutional, as cruel and unusual punishment" and "disproportionate to other sentences for even more heinous crimes", the court disagreed and found the sentence did not violate the Constitution. (Ex. 104 at 58). Specifically, the court held:

> Each of these acts, Mr. Shatlaw, was individual, it was violent, it took the innocence away from a child. I do not find them to be in violation of the Constitution in that they – I believe our Constitution and the scheme that we have created is designed to punish an individual as well as protect society. And because these acts were individual and could have been charged individually as separate and distinct acts, I would find that the sentence is appropriate. (Ex. 104 at 58).

Page 13 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
            KEB/kk4/10468072-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000

The court's assessment was correct that the sentence is not unconstitutional. Petitioner sexually assaulted his step-children for years. J described petitioner sexually assaulting her repeatedly. (Ex. 104 at 21) J suffered a 1 ½ inch vaginal tear following the last rape. When J would make a sound – because sometimes the sexual abuse hurt – petitioner would hit her. Petitioner told J that if she told anyone, he would kill her. (Ex. 103).

K similarly described years of abuse that involved primarily anal sex, but that sometimes petitioner would also force K to provide him oral sex. Petitioner similarly told K that if he ever told anyone about what happened, petitioner "would do something very bad to him * * *." (Ex. 121 at 70.[4]

Petitioner was sentenced for each charge to which he pled guilty. Those charges marked separate criminal episodes for two different victims that spanned repeated abuse over a more than two-year period of time. As the trial court noted, each of petitioner's acts were "individual" and "violent". (Ex. 104 at 58). Petitioner cannot establish his sentence is grossly disproportionate to his lengthy and repeated crimes against children for whom he was in a position of trust.

In sum, the state court decision was neither contrary to, nor an objectively unreasonable application of federal law.

## IV.    CONCLUSION

For the above reasons, this Court should deny petitioner relief and dismiss the Petition.

DATED October __7__, 2020.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

  *s/ Kristen E. Boyd*
KRISTEN E. BOYD #002102
Senior Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
kristen.e.boyd@doj.state.or.us

---

[4] Petitioner also attempted to sexually abuse a third, older, sibling. (Ex. 104 at 52).

Page 14 -   RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS
      KEB/kk4/10468072-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(971) 673-1880 / Fax: (971) 673-5000