UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

NICHOLAS SHATLAW,                                          Case No. 2:19-cv-01496-AA

           Petitioner,                                  OPINION AND ORDER

    v.

SUSAN WASHBURN,

           Respondent.

_____

AIKEN, District Judge.

      Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his 2013 convictions for rape and sodomy. Before the Court is petitioner's Amended Petition and Motion to Stay this action pending a decision of the United States Supreme Court in *Edwards v. Vannoy*, Case No. 19-5807. Respondent opposes the motion on grounds that the decision in *Edwards* will have no impact on this case and petitioner's newly-added claim is barred by the statute of limitations. I agree and deny the Motion to Stay.

1 -     OPINION AND ORDER

DISCUSSION

On March 6, 2013, petitioner pled guilty to four counts of Rape in the First Degree, six counts of Sodomy in the First Degree, and two counts of Tampering With a Witness. Resp't Exs. 101, 103. Petitioner's convictions arose from the repeated rape and sodomy of his pre-teen step-daughter and her younger brother. *Id.* In his original federal Petition, petitioner claimed that his counsel provided constitutionally deficient assistance and his plea was unknowing and involuntary as a result. Petitioner also claimed that his sentence of 2,630 months was constitutionally disproportionate to the charges.

On October 7, 2020, petitioner filed an Amended Petition and added a claim of ineffective assistance of counsel based on counsel's alleged deficiency in advising petitioner about the possibility of a non-unanimous jury verdict if he did not plead guilty and proceeded to trial. Petitioner claims that, based on the recent decision in *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), counsel should have advised petitioner that the Sixth Amendment requires a unanimous jury verdict.[1] Petitioner moves to stay this action pending the United States Supreme Court's decision in *Edwards*, which will determine whether *Ramos* applies retroactively to cases on collateral review.

As respondent notes, the decision in *Edwards* will have no application in this case. Petitioner was not convicted by a non-unanimous jury; he pled guilty to the offenses of conviction and had no trial. Thus, the merits of petitioner's new claim depends on whether counsel was deficient and caused prejudice by failing to anticipate the decision in *Ramos*, not whether the decision applies retroactively to convictions arising from non-unanimous jury verdicts. Accordingly, a stay of this action pending a decision in *Edwards* is not warranted.

---

[1] In *Ramos*, the United States Supreme Court held that the Sixth Amendment right to jury trial, incorporated against the States through the Fourteenth Amendment, requires a unanimous verdict for criminal convictions. *Ramos*, 140 S. Ct. at 1397.

2 -    OPINION AND ORDER

Alternatively, in accordance with the decision in *Rhines v. Weber*, 544 U.S. 269 (2005), petitioner requests that this Court stay and hold his Amended Petition in abeyance pending the exhaustion of his *Ramos* claim in the Oregon courts. Petitioner admits that he has not exhausted his *Ramos* claim and his Amended Petition is "mixed" because it includes exhausted and unexhausted claims. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring state prisoners to exhaust available state court remedies before seeking federal habeas relief); *Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding that "a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims").

In *Rhines*, the United States Supreme Court held that district courts may adopt a "stay and abeyance" approach to mixed petitions when 1) "good cause" exists for the failure to exhaust, 2) the unexhausted claims are not "plainly meritless," and 3) the petitioner has not engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 275, 277-78. Petitioner argues that he shows good cause for failing to exhaust, because the basis for his claim did not arise until *Ramos* was decided in April 2020. Respondent opposes a stay under *Rhines*. Respondent maintains that petitioner's *Ramos* claim was brought beyond the applicable one-year statute of limitations and is untimely. *See* 28 U.S.C. § 2244(d)(1).

Based on the record before the Court, appellate judgment in petitioner's direct appeal was issued on February 9, 2015, and the United States Supreme Court denied his Petition for Writ of Certiorari on April 20, 2015. Resp't Exs. 111-12. At that time, petitioner's conviction became final and the limitations period began to run.

On May 20, 2015, after thirty days had elapsed, petitioner signed a post-conviction relief (PCR) petition in state court and the limitations period was tolled. Resp't Ex. 113. On January 2,

2019, appellate judgment issued in his PCR proceedings and the limitations period again began to run. Resp't Ex. 129.

On August 13, 2019, after 253 days of the limitations period had elapsed, petitioner signed his federal Petition. Pet. at 10 (ECF No. 1).[2] Although the claims asserted in the original Petition were brought within the one-year limitations period, the statute of limitations continued to run for any unasserted habeas claims. *See Duncan v. Walker,* 533 U.S. 167, 181-82 (2001) (the statute of limitations under § 2244(d)(1) is not tolled during the pendency of a federal habeas action). Another twenty-eight days elapsed before petitioner's federal Petition was mailed to this Court on September 10, 2019. Pet. at 10.

Respondent agreed to toll the statute of limitations from September 10, 2019 until the date on which the record was filed. Respondent filed the record on March 24, 2020 and the statute of limitations began to run again. *See* Mot. for Revised Scheduled Order (ECF No. 16); Exhibits (ECF No. 19). Between March 24, 2020 and October 7, 2020, the date on which petition filed his Amended Petition and added his *Ramos* claim, another 197 days elapsed, for a total of 478 days. Even if the statute of limitations did not resume until April 20, 2020, the date on which *Ramos* was decided, another 170 days elapsed before petitioner filed his Amended Petition, for a total of 451 days. Accordingly, the statute of limitations expired before petitioner asserted his *Ramos* claim.

Petitioner did not file a reply in support of the Motion to Stay or otherwise oppose respondent's argument regarding the untimeliness of the Amended Complaint. Based on the undisputed facts of record, petitioner's *Ramos* claim is time-barred and a *Rhines* stay to allow exhaustion would be futile.

---

[2] Respondent states that 243 days had elapsed when the Petition was filed on August 3, 2019. Resp. to Mot. at 2 (ECF No. 33). However, the Petition was signed on August 13, 2019. Pet. at 10.

CONCLUSION

Petitioner's Motion to Stay (ECF No. 30) is DENIED. Within thirty days from the date of this Order, petitioner shall show cause in writing why the Amended Petition should not be dismissed as mixed and the original Petition deemed the operative petition in this action.

IT IS SO ORDERED.

DATED this 14th day of April, 2021.


                    /s/Ann Aiken
                    Ann Aiken
              United States District Judge