UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

NICHOLAS SHATLAW,

          Petitioner,

    v.

SUSAN WASHBURN,

          Respondent.

Case No. 2:19-cv-01496-AA

OPINION AND ORDER

AIKEN, District Judge.

    Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and challenges the aggregate sentence he received for rape and sodomy convictions on grounds that it constitutes cruel and unusual punishment under the Eighth Amendment. The Oregon courts rejected his claim, and petitioner fails to overcome the deference this Court must afford those decisions. The Petition is denied.

BACKGROUND

    On November 15, 2012, petitioner was charged by indictment with four counts of Rape in the First Degree, six counts of Sodomy in the First Degree, and two counts of Tampering With a

Page 1   - OPINION AND ORDER

Witness. Resp't Ex. 102. The charges arose from petitioner's rape and sodomization of JL, his thirteen-year-old step-daughter, and KL, his nine-year-old step-son. The indictment alleged that petitioner assaulted both JL and KL when they were under the age of twelve years, and also that petitioner abused JL when she was between the ages of twelve and sixteen. *Id.*

Petitioner's abuse of his step-children came to light on November 9, 2012, when JL and KL came home from school. When they arrived, petitioner took JL into her bedroom and began to rape her. Resp't Exs. 104 at 12-13, 121 at 66-67. KL knew what petitioner was doing to JL, because petitioner had sexually abused both of them for several years. Resp't Ex. 121 at 16-17, 53, 55, 65-71. According to police reports, KL closed his eyes and prayed someone would save them; when he opened his eyes, he saw a cell phone and called 911. Resp't Exs. 104 at 12-13, 121 at 70-71, 76. During the call, KL told the 911 operator that petitioner was committing "extreme child abuse" against JL and explained that petitioner was "doing this thing where you put your front – his front part inside your back part" and that "he did it to me and my sister." Resp't Ex. 104 at 14, 16. The 911 operator stayed on the phone with KL until police arrived and forced entry into the home, interrupting petitioner's assault of JL. Resp't Exs. 104 at 20, 121 at 75.

When interviewed, JL told officers that petitioner had been raping and assaulting her for more than two years, with the abuse including vaginal and anal rape and sodomy. Resp't Exs. 104 at 21-22, 121 at 67. JL reported that petitioner threatened to kill her if she told anyone about the abuse, and that petitioner would hit her if she made noises while he raped and sodomized her. Resp't Exs. 104 at 22-23, 121 at 68. JL stated that sometimes she made noise because the sexual abuse caused her pain, and the record reflects that petitioner's last assault of JL resulted in a 1½ inch vaginal tear. Resp't Exs. 104 at 23, 121 at 68; *see also* Resp't Ex. 120 at 5.

KL similarly reported that petitioner anally raped him, and afterward KL would be in pain for several hours. Resp't Exs. 104 at 23, 121 at 69-70. KL also reported that petitioner forced KL to orally sodomize him and threatened harm if KL reported the abuse. *Id.*

Once petitioner was in custody, he attempted to manipulate his step-children's testimony by telling his wife that she should encourage JL and KL to "think about" what they were reporting, because it was really "Satan telling them to say these things" about him. Resp't Ex. 104 at 28. Petitioner also told his wife that she should not take JL and KL to counseling, "because they're really just out to get the kids to, you know, say what they want them to say." *Id.*

Ultimately, petitioner entered a guilty plea to all charges alleged in the indictment, with no plea agreement and with open sentencing. Resp't Exs. 103, 104. After a sentencing hearing during which the trial court listened to the transcript of KL's 911 call and read the children's impact statements, the court rejected petitioner's request for concurrent sentences, stating:

> You've engaged in violent acts which have destroyed the innocence of two children in this case. I find that your acts are manipulative, devious, and frankly, despicable. You used the children's sense of love for others and a desire to be loved against them. You used their faith in God against them. There may be some reasons for your actions, but frankly, there's no excuse.

Resp't Ex. 104 at 54. The trial court imposed mostly consecutive terms of imprisonment totaling 2,630 months. Resp't Ex. 101; *see also* Resp't Ex. 104 at 54-57. Petitioner's counsel objected on grounds that the consecutive terms of imprisonment constituted cruel and unusual punishment. The trial court disagreed, ruling that the sentence was not unconstitutional "because these acts were individual and could have been charged individually as separate and distinct acts." Resp't Ex. 104 at 58.

Petitioner directly appealed and challenged his sentence as unconstitutionally disproportionate under the Oregon and United States Constitutions. Resp't Ex. 105. Upon motion

Page 3     - OPINION AND ORDER

by the State, the Oregon Court of Appeals summarily affirmed and found that petitioner's appeal did not "present a substantial question of law." Resp't Ex. 106, 108. The Oregon Supreme Court denied review. Resp't Exs. 110-111. Petitioner sought post-conviction relief on grounds that his counsel was constitutionally ineffective, and the Oregon courts rejected those claims. Resp't Exs. 114, 123-24, 127-29. Petitioner now seeks federal habeas relief.

## DISCUSSION

Petitioner asserted six grounds for relief in his original Petition, but he presents argument in support of only Ground Three.[1] Pet. at 6-7 (ECF No. 1); *see generally* Pet'r Brief (ECF No. 47). Accordingly, petitioner fails to meet his burden of establishing entitlement to habeas relief on Grounds One, Two, and Four through Six. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (a habeas petitioner bears the burden of proving his case); *Davis v. Woodford*, 384 F.3d 628, 637-38 (9th Cir. 2004) (accord).

In Ground Three of his Petition, petitioner argues that his aggregate sentence of 2,630 months' imprisonment is "grossly disproportionate" to his crimes in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The trial court rejected this claim and Oregon Court of Appeals affirmed. Resp't Ex. 104 at 58; Resp't Ex. 108. Respondent argues that these decisions are entitled to deference.

A federal court may not grant habeas relief regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is

---

[1] On October 7, 2020, petitioner filed an Amended Petition asserting claims of ineffective assistance of counsel tangentially related to the issue of unanimous jury verdicts. *See* Am. Pet. at 3-5 (ECF No. 29). In light of petitioner's representation in his supporting brief, I consider the Amended Petition withdrawn. *See* Pet'r Brief at 6, n. 7 (stating that "this case should go forward on his pro se habeas petition, raising the Eighth Amendment claim argued here").

Page 4    - OPINION AND ORDER

"contrary to" established federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams,* 529 U.S. at 407-08, 413.

Petitioner argues that his sentence is grossly disproportionate to his crimes when he had no prior adult convictions, promptly accepted responsibility for his conduct, and was amenable to treatment.[2] Petitioner argues that the Oregon courts' decisions are not entitled to deference, because they considered the proportionality of the individual sentence imposed for each conviction rather than his aggregate sentence of 2,360 months.

The Eighth Amendment includes a "narrow proportionality principle" in noncapital cases that prohibits sentences "grossly disproportionate" to the crime. *Ewing v. California,* 538 U.S. 11, 20, 23 (2003) (quoting *Harmelin v. Michigan,* 501 U.S. 957, 996-997, 1001 (1991)). To succeed on a proportionality claim, a petitioner must make a threshold showing of gross disproportionality through a "comparison of the crime committed and the sentence imposed." *Id.* at 30 (citing *Harmelin*, 501 U.S. at 1005); *see also Norris v. Morgan*, 622 F.3d 1276, 1287 (9th Cir. 2010) (explaining that "in applying [the] gross disproportionality principle[,] courts must objectively measure the severity of a defendant's sentence in light of the crimes he committed").

---

[2] Petitioner was twenty-six years old when he was arrested for the instant crimes of conviction. Resp't Ex. 104 at 17. As a juvenile, petitioner was charged with criminal sexual abuse after abusing a three-year-old neighbor, and he also admitted to sexually abusing a four-year-old cousin. Resp't Ex. 121 at 1-10. During the pendency of the 2012 charges, petitioner admitted abusing JL and KL's older sister, but no charges were brought. Resp't Ex. 121 at 14, 20-22.

Petitioner's sentence is undoubtedly harsh; it is effectively a life sentence without the possibility of parole. When compared to petitioner's crimes, however, a life sentence does not raise an "inference" of gross disproportionality. *Ewing,* 538 U.S. at 30. Aside from murder, petitioner's offenses are of the highest gravity – he committed multiple acts of sexual violence against vulnerable victims by repeatedly raping and sodomizing two children entrusted to his care. Petitioner's abuse of his step-children spanned more than two years, and he threatened to kill or harm them if they reported his abuse. Even after his arrest, petitioner attempted to manipulate the children's reports and testimony. The depravity of petitioner's conduct and the harm and pain he caused cannot be overstated.

Moreover, petitioner fails to identify clearly established Supreme Court precedent that precludes a life sentence, aggregate or otherwise, for the rape of a child or a similarly grievous offense. To the contrary, the Supreme Court has upheld sentences of life imprisonment for far less egregious crimes. *See Ewing,* 538 U.S. at 30-31 (affirming a sentence of 25 years to life imposed on a "three strikes" offender convicted of stealing three golf clubs); *Harmelin,* 501 U.S. at 961, 994 (affirming a sentence of life imprisonment without the possibility of parole imposed on a first time offender convicted of cocaine possession); *see also Hutto v. Davis,* 454 U.S. 370, 371 (1982) (holding that 20-year consecutive sentences for possessing nine ounces of marijuana did not violate the Eighth Amendment); *Norris*, 622 F.3d at 1296 (upholding a sentence of life without the possibility of parole imposed after two convictions for child molestation).

If life sentences for drug possession and recidivist theft are not "grossly disproportionate" under the Eighth Amendment, an aggregate life sentence for the repeated rape and sexual assault of children is not. Accordingly, the Oregon courts did not unreasonably apply clearly established federal law, and petitioner is not entitled to federal habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED. A Certificate of Appealability is DENIED on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

DATED this 8th day of November, 2021.

                                        /s/Ann Aiken
                                          Ann Aiken
                                United States District Judge